UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23343-CIV-COHN/SELTZER

MAPLEWOOD PARTNERS, L.P.,
MAPLEWOOD MANAGEMENT, L.P.,
and MAPLEWOOD HOLDINGS, LLC,

      Plaintiffs,

v.

INDIAN HARBOR INSURANCE COMPANY,

      Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR FURTHER DISCOVERY ON SUMMARY JUDGMENT ISSUES

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Partial Summary Judgment [DE 300], Defendant's Renewed Motion for Summary Judgment [DE 304; DE 307], and Defendant's Motion to Continue Plaintiffs' Motion for Partial Summary Judgment Pursuant to Rule 56(d) [DE 311] ("Motion to Continue").  The Court has carefully reviewed these Motions and all related filings and is otherwise fully advised in the premises.[1]

On December 3, 2008, Plaintiffs MapleWood Partners, L.P., MapleWood Management, L.P., and MapleWood Holdings, LLC, filed this insurance-coverage action against Defendant Indian Harbor Insurance Company.  See DE 1 (Compl.).

---

[1]  The parties have also filed several Motions in Limine, and Plaintiffs have moved to bring electronic equipment into the courthouse for the scheduled trial. See DE 379–383; DE 387–394; DE 399.  As discussed further herein, more discovery is needed before the Court rules on any summary-judgment motions or holds a trial. Thus, the Court will defer ruling on the Motions in Limine and will deny as moot Plaintiffs' electronic-equipment motion.

In their current Supplemental Amended Complaint [DE 100], filed on May 5, 2011, Plaintiffs allege that Defendant breached its defense and indemnity obligations under a Financial Services Liability Policy (the "Policy").  Plaintiffs sought coverage under the Policy for (1) over $1.9 million in legal fees for the defense of several claims against MapleWood entities, and (2) a $2.75 million settlement to resolve one of those claims. Although Defendant paid a portion of these expenses, it denied coverage for the full amounts sought by Plaintiffs.  But under separate indemnity agreements between Plaintiffs and a related third party—Julio & Sons Company ("Julio")—Julio paid most of Plaintiffs' fees and settlement costs, and Julio's insurer paid the balance of those costs.

While this case was previously assigned to the Honorable William M. Hoeveler, Defendant moved for leave to serve additional, limited discovery regarding a new development, namely, the sale of Julio to another company.  See DE 267 at 1. Because Plaintiffs had claimed that any recovery here would be turned over to Julio, Defendant argued that it "should be allowed to inquire about any new arrangements regarding recovery by Plaintiffs in view of this sale."  Id.  Defendant explained that this discovery was relevant to its argument that Plaintiffs would obtain a "windfall double recovery" from this suit, given Julio's indemnity payments to Plaintiffs.  Id. at 2; see id. at 5 ("The sale of Julio to a third party raises a number of issues calling into question Plaintiffs' prior representation that they will voluntarily turn over any recovery to Julio."). Judge Hoeveler denied Defendant's motion "without prejudice to renew if it is later determined that Plaintiffs are entitled to recover any amounts from Defendant . . . despite the existence of an indemnity agreement."  DE 292 at 9.

In connection with the present Motions for Summary Judgment, Defendant maintains its argument that any damages award to Plaintiffs would be an improper

double recovery because Plaintiffs never paid any of the fees or settlement costs for which they seek reimbursement under the Policy.  Defendant has also filed its Motion to Continue, requesting that the Court defer ruling on Plaintiffs' summary-judgment motion until Defendant has "obtained and reviewed outstanding discovery needed to further develop facts in filing an amended opposition brief to [Plaintiffs'] Motion."  DE 312 at 2; see Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").  That Motion and the supporting Declaration again raise the issue of Plaintiffs' double recovery, explaining that Defendant has little information about the sale of Julio and the effect of that sale on Plaintiffs' alleged commitment to reimburse Julio for its indemnity payments.  See DE 312 at 6; DE 312-1 at 4-5.  Defendant therefore renews its request to take limited discovery on these issues.  See DE 312 at 7.[2]

Despite Plaintiffs' arguments to the contrary, the possibility of a windfall double recovery here is a potentially dispositive threshold issue that the Court must consider in determining whether either side is entitled to summary judgment.  See City of Miami Beach v. Carner, 579 So.2d 248, 253-54 (Fla. 3d DCA 1991) (holding, in case seeking damages for breach of lease contract, that trial court erred in excluding evidence of separate payment that plaintiff received from foreclosure sale); Trs. of Cameron-Brown Inv. Grp. v. Tavormina, 385 So.2d 728, 729 (Fla. 3d DCA 1980) ("[I]t is basic to the law

---

[2]  Defendant also seeks more discovery regarding the allocation between covered and uncovered losses under the Policy.  See DE 312 at 4-5.  The Court finds, however, that the summary-judgment record on that issue is adequately developed.  Thus, any further discovery will be limited to the question of Plaintiffs' double recovery.

of contracts that the measure of damages is the plaintiff's injury, rather than the defendant's culpability."); see also Pan Pac. Retail Props., Inc. v. Gulf Ins. Co., 471 F.3d 961, 973 (9th Cir. 2006) (explaining that if plaintiff company "was fully compensated" for settlement payment by indemnification from related co-plaintiff and "never made any payments itself," then plaintiff "should not obtain double recovery" from its insurer).  And as Defendant correctly observes, the record includes no specific evidence about the sale of Julio and how that sale affects Plaintiffs' claimed obligation to turn over any recovery from this action to Julio.  Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1.   To the extent Defendant seeks further discovery about the sale of Julio & Sons Company as it concerns any double recovery by Plaintiffs, Defendant's Motion to Continue Plaintiffs' Motion for Partial Summary Judgment Pursuant to Rule 56(d) [DE 311] is **GRANTED**.  In all other respects, the Motion is **DENIED**;

2.   Plaintiffs' Motion for Partial Summary Judgment [DE 300] and Defendant's Renewed Motion for Summary Judgment [DE 304; DE 307] are **DENIED AS MOOT**.  If appropriate, the parties may renew those motions after the additional discovery is completed;

3.   The parties' Motions in Limine [DE 379–383; DE 387–394] are **DEFERRED** until the additional discovery is completed and the Court rules on any further dispositive pretrial motions;

4.   Plaintiffs' Unopposed Motion for Leave to Bring Electronic Equipment Into the Courtroom is **DENIED AS MOOT**.  If necessary, Plaintiffs may renew that Motion at the proper time;

5.    Trial is reset for the **two-week period** commencing **May 4, 2015, at 9:00 a.m.,**
or as soon thereafter as the case may be called.  Calendar Call is rescheduled
for **April 30, 2015, at 9:00 a.m.**; and

6.    The following amended pretrial deadlines shall now apply in this case:

| | |
|---|---|
| Additional discovery completed | February 6, 2015 |
| Dispositive pretrial motions | February 20, 2015 |
| New motions in limine and/or withdrawal of existing motions in limine | April 16, 2015 |
| Responses to motions in limine, joint pretrial stipulation, and deposition designations for trial for unavailable witnesses | April 24, 2015 |
| Proposed jury instructions, voir dire questions, and objections to deposition designations and/or counter-designations | Calendar Call |

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 6th day of November, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF